IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| TAW MIAMI SERVICE CENTER, INC., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> ASPEN POWER LLC, § <br> DANNY VINES, MARK KNIPPA, and § <br> NEIL LEIBMAN, § <br> § <br> Defendants. § | CIVIL ACTION NO:_____ <br> Jury |

## PLAINTIFF TAW MIAMI SERVICE CENTER, INC.'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, PLAINTIFF, TAW MIAMI SERVICE CENTER, INC. ("TAW"), and files this its Original Complaint complaining of the acts and omissions of DEFENDANTS, ASPEN POWER LLC ("Aspen"), DANNY VINES ("Vines"), MARK KNIPPA ("Knippa"), and NEIL LEIBMAN ("Leibman"), and for cause of action would respectfully show the Court as follows:

### I.
### PARTIES

1.01 Plaintiff TAW is a citizen of the State of Florida because it is a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida.

1.02 Defendant Aspen is a citizen of the State of Texas because it is a limited liability company organized under the laws of the State of Texas with its principal place

of business in the State of Texas. Defendant Aspen may be served with process by serving its registered agent, Neil Leibman, at 800 Bering Drive, Suite 250, Houston, Texas 77057, or wherever he may be found.

1.03 Defendant Vines is a citizen of the State of Texas residing in Angelina County, Texas. Defendant Vines may be served with process at 5138 Ted Trout Drive, Lufkin, Texas 75904 or wherever he may be found.

1.04 Defendant Knippa is a citizen of the State of Texas residing in Harris County, Texas. Defendant Knippa may be served with process at 13511 King Circle, Cypress, Texas 77429 or wherever he may be found.

1.05 Defendant Leibman is a citizen of the State of Texas residing in Harris County, Texas. Defendant Leibman may be served with process at 515 West Friar Tuck Lane, Houston, Texas 77024, or wherever he may be found.

## II.
## JURISDICTION

2.01. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.
## VENUE

3.01 Venue is proper in this district under 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to TAW's claims occurred in this district and because the property at issue is situated in this district.

## IV.
## FACTUAL BACKGROUND

4.01. TAW and Aspen entered into an agreement on or about June 13, 2008 (the "Phase I Contract") by which TAW agreed to provide labor and materials generally

relating to the removal, rerate and repair, and reassembly of a generator (the "Generator") for a biomass fueled steam generating power plant known as the Lufkin Biomass Power Plant located in Angelina County, Texas (the "Project."). Pursuant to the Phase I Contract, Aspen agreed to pay TAW an original contract amount of $1,550,000.00. Aspen also agreed to pay TAW for all extra or out-of-scope work performed by TAW at the request or demand of Aspen under the Phase I Contract. The extra or out-of-scope work added to the original contractual scope of work resulted in a series of change orders to the Phase I Contract, which increased the original contract amount by $61,694.79. Therefore, the revised contract amount of the Phase I Contract, taking into account these change orders, is $1,611,694.79. To date, Aspen has failed and refused to fully pay TAW for the work performed under the Phase I Contract and Aspen still owes TAW $107,277.78 under the Phase I contract. However, TAW's claims under the Phase I Contract are not included in this lawsuit.

4.02. Subsequently, TAW and Aspen entered into a second agreement on or about March 6, 2009 (the "Phase II Contract") by which TAW agreed to provide labor and materials generally relating to the installation of the controls, excitation and auxiliary components associated with the operation of the Generator, and the labor and materials and services required during start-up, testing and commissioning of the Generator for the Project. Aspen agreed to pay TAW an original contract amount of $1,377,887.00 pursuant to the Phase II Contract in a series of four payments for the labor, materials, and services that TAW provided in connection with the Phase II Contract. Aspen also agreed to pay TAW for all extra or out-of-scope work performed by TAW at the request or demand of Aspen under the Phase II Contract. The extra or out-of-scope work added to the original contractual scope of work resulted in a series of change orders to the Phase II Contract, which increased the original contract amount by

$722,889.73. Therefore, the revised contract amount of the Phase II Contract, taking into account these change orders, is $2,100,776.73. Ninety percent of the contract balance was due by the time manufacturing was completed, and the remaining ten percent of the contract balance was due after project completion.

4.03. Regarding TAW's work under the Phase II Contract, manufacturing was completed in December 2010 and the Project was completed in November 2011. Accordingly, Aspen owes TAW $894,135.22, which is the unpaid contract balance for the labor, materials, and services supplied by TAW to the Project pursuant to the Phase II Contract.

4.04. TAW fully performed, or alternatively, substantially performed, all of its contractual obligations to Aspen by providing the labor and materials agreed to by the Phase II Contract.

4.05. All conditions precedent to TAW's right to payment and full enforcement of the Phase II Contract have been satisfied.

4.06. Because Aspen owes TAW $894,135.22 for labor, materials, and services provided in connection with the Phase II contract, TAW filed a mechanic's and materialman's lien against the Project on December 27, 2011 in the amount of $824,995.35, pursuant to Chapter 53 of the Texas Property Code (the "Lien"). TAW did not include certain expenses in the Lien claim amount. However, said expenses are recoverable in a breach contract action or *quantum meruit* action against Aspen. Accordingly, the Lien claim amount is less than the amount that Aspen owes TAW pursuant to the Phase II Contract.

4.07 Upon information and belief, Aspen financed the Project through construction loans acquired from U.S. Bank National Association and from ACM Texas, LLC (the "Construction Loans") and also from the sale of bonds and Aspen did receive

funds for the construction of the Project from said Construction Loans and the sale of bonds. Additionally, upon information and belief, Aspen applied for a grant pursuant to § 1603 of the American Recovery and Reinvestment Act of 2009 (the "Grant") and the Grant was supposed to be a reimbursement to Aspen of a portion of the construction costs that Aspen incurred in building the Project. Despite Aspen's receipt of the Construction Loans and other financing for the Project, Aspen has failed and refused to pay TAW the contract balances due and owing under the Phase I Contract and the Phase II Contract.

4.08   In October 2011, Aspen promised TAW that it would pay TAW in full the contract balances due and owing under the Phase I Contract and the Phase II Contract after Aspen received the Grant. Upon information and belief, on or about November 23, 2011, Aspen was awarded the Grant by the U.S. Treasury Department. Upon information and belief, the Grant was in the amount of $29,854,913.00 and was to be paid by the U.S. Treasury Department to Aspen within five (5) business days from November 23rd. Soon thereafter, Aspen reassured TAW that TAW would be paid in full under both the Phase I Contract and the Phase II Contract from the Grant by late December. However, Aspen failed and refused to pay TAW in late December as promised. Finally, in early January 2012 Aspen told TAW that Aspen was not going to pay TAW in full as Aspen had promised on multiple occasions.

## V.
## COUNT ONE AGAINST ASPEN:
## CLAIM FOR BREACH OF PHASE II CONTRACT

5.01.   TAW hereby incorporates by reference the allegations set forth above in Paragraphs 4.01 through 4.08 as though fully set forth at length herein.

5.02.   Aspen breached the Phase II Contract by failing and refusing to pay TAW $894,135.22, which represents the unpaid balance of the agreed price for the labor,

materials, and services that TAW provided to the Project under the Phase II Contract, or, in the alternative, represents a reasonable price at the times and places that TAW furnished labor, materials, and services to Aspen for the Project under the Phase II Contract.

5.03. As a result of Aspen's breach of the Phase II Contract, TAW has incurred damages in the principal amount of at least $894,135.22 for which TAW sues Aspen for recovery of said damages. TAW also seeks recovery of the highest legal and equitable interest on its damages allowed by Texas law, attorney's fees and court costs.

## VI.
## COUNT TWO AGAINST ASPEN: QUANTUM MERUIT CLAIM

6.01. TAW hereby incorporates by reference the allegations set forth above in Paragraphs 4.01 through 4.08 as though fully set forth at length herein.

6.02. Pleading in the alternative to the preceding Count One for Claim for Breach of Phase II Contract and without waiving the same, TAW would show that Aspen has retained the benefits of the labor, materials, and services that TAW furnished to the Project without fully paying TAW for such labor, materials, and services. Consequently, Aspen will be unjustly enriched if it is allowed to retain the benefit of the labor, materials, and services that TAW furnished without paying reasonable compensation to TAW. Aspen knew or should have known that TAW expected payment for the labor, materials, and services that it provided.

6.03. Therefore, based upon the equitable principle of quantum meruit, TAW seeks to recover from Aspen the reasonable value for the labor, materials, and services that TAW provided to Aspen for the benefit of Aspen and the Project. A reasonable value of the labor and materials that TAW has furnished to Aspen and the Project is at

least $894,135.22, and TAW sues Aspen for recovery of said damages, along with the highest legal and equitable interest allowed by law, attorney's fees, and court costs.

## VII.
## COUNT THREE AGAINST ASPEN: LIEN FORECLOSURE CLAIM

7.01. TAW hereby incorporates by reference the allegations set forth above in Paragraphs 4.01 through 4.08 as though fully set forth at length herein.

7.02. TAW has taken all steps necessary to and did perfect its Lien against the Project in the amount of $824,995.35 for work performed under the Phase II Contract, pursuant to Chapter 53 of the Texas Property Code. TAW's Lien is attached hereto as Exhibit "A" and incorporated herein by reference. TAW perfected its Lien by timely and properly filing its Lien Affidavit in the real property records of Angelina, County, Texas, and by sending proper and timely notices to Aspen regarding the filing of the Lien.

7.03. All conditions precedent have been met in order to create and perfect the Lien on the Project.

7.04. Accordingly, TAW is entitled to foreclosure of its Lien and asks the court to issue an Order of Sale to the appropriate authorities, authorizing, among other things, such official to seize and sell the real property identified in the Lien according to law and to apply the proceeds of the sale to the debt owed by Aspen to TAW in the amount of at least $824,995.35 and to remit to Aspen any amounts of the sale proceeds in excess of Aspen's debt to TAW in the manner required by law.

## VIII.
## COUNT FOUR AGAINST ASPEN, VINES, KNIPPA AND LEIBMAN: CLAIM FOR MISAPPLICATION OF CONSTRUCTION TRUST FUNDS

8.01. TAW hereby incorporates by reference the allegations set forth above in Paragraphs 4.01 through 4.08 as though fully set forth at length herein.

8.02. Upon information and belief, Aspen received construction loan receipts for the purpose of improving the Project and such loan(s) are secured by deeds of trust on the Project. Such loan receipts are trust funds under Tex. Prop. Code Chapter 162. Aspen is a trustee of said trust funds. TEX. PROP. CODE § 162.002. Vines, Knippa and Leibman, who are officers, directors, or agents of Aspen, are also trustees of said trust funds. *Id.* TAW, as a contractor who furnished labor or materials for the construction or repair of the Project, is a beneficiary of the trust funds. TEX. PROP. CODE § 162.003(a).

8.03. Upon information and belief, Aspen, Vines, Knippa and Leibman misapplied the trust funds by retaining, using, disbursing and/or otherwise diverting the trust funds without first fully paying TAW. TEX. PROP. CODE § 162.031. Consequently, Aspen, Vines, Knippa and Leibman are each liable to TAW for the amount of the trust funds that Aspen received from its lenders that was not disbursed to TAW pursuant to Chapter 162 of the Texas Property Code, and, therefore, TAW seeks to recover from Aspen, Vines, Knippa and Leibman, jointly and severally, said amount.

## IX.
## COUNT FIVE AGAINST ASPEN: CLAIM FOR PROMPT PAY INTEREST

9.01. TAW hereby incorporates by reference the allegations set forth above in Paragraphs 4.01 through 4.08 as though fully set forth at length herein.

9.02.   More than 35 days have passed since Aspen received a written payment request from TAW for amounts that Aspen owes TAW under the Phase II Contract. Therefore, under Chapter 28 of the Texas Property Code, TAW is entitled to recover from Aspen prompt pay interest at a rate of one and one-half percent per month beginning on the 36th day after Aspen received TAW's payment request on the principal sum that Aspen owes TAW.

9.03.   Alternatively, in the event TAW is not entitled to recover prompt pay interest from Aspen, TAW seeks to recover pre-judgment interest as provided by Texas Finance Code § 302.002.

## X.
## COUNT SIX:
## CLAIM FOR ATTORNEY'S FEES

10.01. TAW hereby incorporates by reference the allegations set forth above in Paragraphs 4.01 through 4.08, Paragraphs 5.01 through 5.03, Paragraphs 7.01 through 7.04, and Paragraphs 9.01 through 9.03 as though fully set forth at length herein.

10.02. More than 30 days have elapsed since TAW demanded payment from Aspen of the principal amounts sued for under the Phase II Contract. TAW has employed the undersigned attorneys to represent it in this lawsuit and agreed to pay them reasonable and necessary attorneys' fees for their services.

10.03.   Pursuant to the Phase II Contract, Chapter 38 of the Texas Civil Practice & Remedies Code, Chapter 53 of the Texas Property Code, Chapter 28 of the Texas Property Code and all applicable common law, TAW seeks to recover from Aspen reasonable and necessary attorney's fees and costs of court incurred by TAW in the prosecution of this lawsuit.  Costs and attorney's fees should be awarded for services rendered through and including the time of trial, any post-trial motion, any appeal to

the Fifth Circuit Court of Appeals, and for any appearance before the United States Supreme Court.

## XI.
## DEMAND FOR JURY TRIAL

11.01 TAW asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

WHEREFORE, PREMISES CONDIDERED, Plaintiff TAW Miami Service Center, Inc. respectfully asks that the Court grant the relief herein requested; render judgment against Defendants Aspen Power LLC, Danny Vines, Mark Knippa and Neil Leibman, jointly and severally, in the amount of at least $894,135.22, plus prompt pay interest or pre-judgment interest, post judgment interest, court costs and attorney's fees; render judgment against Defendant Aspen Power LLC for foreclosure of TAW's Lien and issue an Order of Sale to the appropriate authorities authorizing, among other things, the official to seize and sell Defendant Aspen Power LLC's real property subject to TAW's Lien; and for all other relief at law or in equity to which Plaintiff TAW Miami Service Center, Inc. may show itself to be justly entitled.

Respectfully submitted,

THOMAS, FELDMAN & WILSHUSEN, LLP

By: _____
CHRISTOPHER D. MONTEZ
State Bar No. 24032748
Email: cmontez@tfandw.com
JASON R. KENNEDY
State Bar No. 24027100
Email: jkennedy@tfandw.com
MISTY H. GUTIERREZ
State Bar No. 24053616
Email: mgutierrez@tfandw.com
9400 N. Central Expressway, Suite 900
Dallas, TX  75231
Telephone:   (214) 369-3008
Facsimile:   (214) 369-8393

ATTORNEYS FOR PLAINTIFF
TAW MIAMI SERVICE CENTER, INC.